UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUTH T. MCLEAN,<br><br>Plaintiff,<br><br>v.<br><br>AIMEE D. SUMITRA, et al.,<br><br>Defendants. | Civil Action No. 23-22842 (RK) (JBD)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon the Injunction and Permanent Restraining Order filed on February 5, 2024, (ECF No. 11), and the Motion for a Temporary Restraining Order ("TRO Motion") filed on February 26, 2024, (ECF No. 17), both filed by *pro se* Plaintiff Ruth T. McLean. Plaintiff had previously filed a Motion for Injunction and Permanent Restraining Order on January 19, 2024. (ECF No. 6.) The Court's Order, issued on February 1, 2024, denying the Motion stated in relevant part:

> Plaintiff's requested permanent relief—for this Court to enjoin the proceedings ongoing in the Superior Court of New Jersey—is identical to the relief ultimately sought in her Complaint. However, this Court lacks authority to enjoin ongoing state court proceedings. *See Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 286 (1970) ("On its face the [1793 Anti-Injunction Act] is an absolute prohibition [] against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions."). Plaintiff's requested permanent injunction must be denied on this ground. Plaintiff may prosecute her case by serving the Complaint and summons on Defendants, which will trigger their time to respond.

(ECF No. 9.) The Court denied the Motion and ordered Plaintiff to "serve the Complaint and summons on Defendants in accordance with Federal Rule of Civil Procedure 4" in order to continue the prosecution of her case. (*Id.*) Four days later, Plaintiff refiled her Motion for

Injunction and Permanent Restraining Order identical to the one previously denied, except that Plaintiff crossed-out and added new dates. (*Compare* ECF No. 6, *with* ECF No. 11.) For the identical reasons given in its February 1, 2024 Order denying her Motion, the Court again **DENIES** Plaintiff's Motion for Injunction and Permanent Restraining Order, (ECF No. 11).

Plaintiff's TRO Motion filed on February 26, 2024 is not identical to her previous filing, (ECF No. 17), but nonetheless complains of the same underlying transaction. The Court reviews *pro se* Plaintiff's Motion charitably and applies procedural rules to her "flexibly." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). To that end, the Court has carefully reviewed Plaintiff's submissions for any basis that might justify entering preliminary, *ex parte* relief.

Granting a temporary restraining order pursuant to Federal Rule of Civil Procedure 65 is an "extraordinary remedy" that "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). In determining whether to grant a motion for preliminary injunctive relief, the Court considers four factors: (1) whether the movant has shown "a reasonable probability of eventual success in the litigation"; (2) whether the movant "will be irreparably injured . . . if relief is not granted"; (3) "the possibility of harm to other interested persons from the grant or denial of the injunction"; and (4) whether granting the preliminary relief will be in "the public interest." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (citing *Del. River Port Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974)). The movant bears the burden of showing its entitlement to an injunction. *See Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990)).

As the Court understands Plaintiff's filing, Plaintiff's claim involves her property located in Plainsboro, New Jersey. (Compl., ECF No. 1 at *6.)[1] Defendants in the matter are PNC Bank National Association and associated individuals or entities, (*id.* at *3–4), and the claim involves a "mortgage claim of $170,000 advance," (*id.* at *6). The exact nature of the alleged wrongdoing is not clear, but it seems to involve Defendants "filing of frivolous lawsuit" around March 2023 and "PNC debt collector/servicer- unauthorized to foreclose." (*Id.* at *6–7.) Plaintiff's pending TRO motion adds allegations that Defendants obtained a "Summary Judgment Order" on January 12, 2024 based on fraudulently misleading the state court. Plaintiff contends that that Defendants are now seeking to evict her from her property. (ECF No. 17 at *1.) Plaintiff seeks an immediate *ex parte* temporary restraining order against Defendants, their attorneys, and the "State Venue- Middlesex County Superior Court, Chancery Division, Middlesex County Sheriff Office" seeking the Court to "intercede to stay their State Court actions." (*Id.*) Plaintiff's TRO Motion also includes the January 12, 2024 Order from the Honorable Lisa M. Vignuolo, Superior Court of New Jersey for Middlesex County, Chancery Division granting PNC Bank, National Association's Motion for Summary Judgment and dismissing McLean's "affirmative defenses and quiet title claim." (*Id.* at *15.) Plaintiff also filed a number of documents from the state proceeding supporting the bank's contention that McLean failed to participate in the state proceedings and did not contest the result entered there. (*Id.* at *10–23.) Plaintiff evidently disagrees with the state court's finding on this matter, (*id.* at *15), including that she was in default in the state proceedings and had vacated the property, (*id.* at *1).

Plaintiff's TRO Motion must be denied because she has failed to show a "reasonable probability of eventual success in the litigation." *Reilly*, 858 F.3d at 176. Plaintiff's pending TRO

---

[1] Pin-cites preceded by an asterisk refer to the page numbers in the CM/ECF header.

Motion suffers the same defects as her previous Motion the Court denied. The 1793 Anti-Injunction Act imposes "an absolute prohibition [] against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 286 (1970). Plaintiff's TRO Motion requests the Court to immediately "intercede to stay their State Court actions," (ECF No. 17 at 1), which is precisely the sort of direct injunctive relief against a state proceeding the Anti-Injunction Act prohibits.

The Act's three narrowly-read exceptions apply only "when expressly authorized by statute, necessary in aid of the court's jurisdiction, or necessary to protect or effectuate the court's judgment." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988). Plaintiff asserts that all three exceptions have been met. (ECF No. 17 at *3.) However, the Court finds no support for this position. *First*, no statute authorizes this Court to enjoin the state court proceedings. *Second*, the state proceedings do not "so interfer[e] with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 134 F.3d 133, 144 (3d Cir. 1998) (quoting *Atl. Coast Line R. Co.*, 398 U.S. at 295). *Third*, this Court has issued no order or judgment that could be threatened by the state proceedings. Therefore, Plaintiff has not established any likelihood of success on the merits that could warrant the extraordinary relief of *ex parte* preliminary relief.[2]

---

[2] The *Rooker-Feldman* doctrine also likely bars relief here. *See Vuyanich v. Smithton Borough*, 5 F.4th 379, 384 (3d Cir. 2021) (stating that the *Rooker-Feldman* doctrine prohibits the district court from exercising jurisdiction when a federal plaintiff "essentially appeals from state-court judgments" (quoting *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010))); *Gage v. Wells Fargo Bank, NA*, 450 F. App'x 121, 122–23 (3d Cir. 2011) (affirming denial on *Rooker-Feldman* grounds of "a preliminary injunction to prevent defendants from taking further action with regard to [a] foreclosed property" because the defendants had "acted pursuant to orders entered by the New Jersey courts"). However, given Plaintiff's selective inclusion of filings from the state court proceedings, the Court cannot

*Ex parte* preliminary relief is also inappropriate here given Rule 65's mandate that any order "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). The TRO Motion's request for an injunction against the state proceedings is clear, and must be denied for the reason above. To the extent Plaintiff seeks injunctive relief against other parties or actors, it is not clear, even affording the TRO Motion a generous reading, what specific conduct Plaintiff seeks to enjoin. The language of the TRO Motion describing the wrongdoing generally argues the merits of Plaintiff's claims, (ECF No. 17 at *1–3), but does not specify what actions the parties should be enjoined from taking.

Finally, the Court notes that this is now the third motion for preliminary injunctive relief Plaintiff has filed that the Court has denied. Each motion—filed January 19, February 5, and February 26, 2024, (ECF Nos. 6, 11, 17)—has sought essentially identical relief, requesting that the Court enjoin the ongoing state proceedings in which Plaintiff here is a defendant before reaching the merits of Plaintiff's claim. In light of the Court's repeated denial of these requests, if Plaintiff wishes to file a motion for preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65 in this matter in the future, she must file a letter of no more than two pages explaining the basis for the requested relief and seeking leave to file her motion.

Therefore, **IT IS** on this 28th day of February, 2024,

**ORDERED** that Plaintiff's Motion for Injunction and Permanent Restraining Order, (ECF No. 11), is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion for a Temporary Restraining Order, (ECF No. 17), is **DENIED**; and it is further

---

definitively determine the doctrine's application to Plaintiff's claims. In any event, the possibility of its application further undermines Plaintiff's burden to establish a reasonable probability of success on her claims.

**ORDERED** that Plaintiff not file any motion for preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65 without first seeking leave of Court by filing a two-page letter explaining the basis for her motion; and it is further

**ORDERED** that the Clerk of the Court is directed to terminate the motions pending at ECF Nos. 11 and 17; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Order to the address on record for Plaintiff.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE