JS 44 (Rev. 04...)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RUTH T MCLEAN

**DEFENDANTS:** PNC BANK N.A. KNOWN AS PENNEYMAC, AIMEE D. SUMITRA, THOMAS W. MORRIS, KLM et.al., JOSHUA HAHN, INDENTURE TRUSTEE KNOWN AS U.S. BANK N.A. FOR PENNEY MAC LOAN SERVICES

**(b)** County of Residence of First Listed Plaintiff MIDDLESEX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

CASE DOCKET No. 23-22842 (RK)(JBD)

County of Residence of First Listed Defendant MIAMISBURG OH
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
RUTH T MCLEAN
ATTORNEY-IN-FACT (973)222-4928
P.O. BOX 137, PLAINSBORO, NJ 08536

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** / [ ] 880 Defend Trade Secrets Act of 2016 | | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [X] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act / [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [X] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):* BILLS OF EXCHANGE ACT
FDCPA, FCRA, RESPA, TILA, ECOA, TRUST INDENTURE ACT 1939, 12 USC 1431A, PART 2 (27A)
Brief description of cause:
DENIAL OF CREDIT ADVERSE ACTION WHERE CONSUMER EXTENSION OF CREDIT NOT DELIVERED.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 150,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE VIGNUOLO
DOCKET NUMBER SWF-F-003424-23

DATE 10/28/2024
SIGNATURE OF ATTORNEY OF RECORD
By: McLean, Ruth-T/Agent, Attorney-in-fact.

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUTH T. MCLEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) Civil Action No.: |
| | ) 3:23-cv-22842-RK-JBD |
| PNC BANK, NATIONAL ASSOCIATION, | |
| As PENNYMAC LOAN SERVICES LLC, | ) |
| AIMEE D. SUMITRA, | ) |
| THOMAS W. MORRIS, | ) |
| JOSHUA HAHN, INDENTURE TRUSTEE, | |
| Known As U.S BANK N.A | ) |
| | ) |
| | ) **AMENDED COMPLAINT** |
| CAITLIN M. DONNELLY, ESQ., | ) |
| J. ERIC KISHBAUGH, ESQ., | ) |
| RICHARD P. ABEL, ESQ., | ) |
| BRIAN C. NICHOLAS, ESQ., | ) |
| DENISE CARLON, ESQ., | ) |
| KML LAW GROUP, P.C., | ) |
| | ) |
| JOHN AND JANE DOES 1-5, | ) |
| Defendants. | |

Plaintiff, Ruth T. McLean, by way of pro se representation, brings this amended complaint against the above-named defendants and alleges as follows:

**PLAINTIFF AFFIDAVIT OF FACTS**

I am the claimant, McLean, Ruth-T aka Thompson Mclean, Ruth-E/agent, consumer here on behalf of RUTH MCLEAN/Principal, designee securities account(s) 1000583050 and 326714735. I am the executor registered noteholder payee specified Person indorser named identity on 11/21/2016 $170,000 Note advance, PUD Rider, Mortgage Indenture issued by Freddie Mac. I hereby, accept All Right, All Title, All Interest to receive sums due proceeds guaranteed equity owed to Principal in the Note on its face. On 11/21/2016 Plaintiff delivered $170,000 Application(Credit Agreement) to Gateway Mortgage Group LLC., in a consumer credit transaction[1] for the consumer extension- of- credit[2]. The application was Accepted and Freddie Mac issued the Note advance prepayment receivable credits guaranteeing to pay Principal and Interest[3] in the Note on its face, (Note Agreement). The Defendant(s), are directly or indirectly Guarantors for the Guarantees in the Trust Indenture to satisfy their obligations under said Note for the guaranteed security interest owed due and payable to the Principal, under the provisions.

For "Contributory Negligence", Defendant(s) wrong doing started by 1/2017 breach of contract and Inducement to fraud by: (1)_ Dishonor of the Note, denial of credit adverse actions via debt collections false claims with deceptive notices forms to Repay the prepaid[4] Note with cash income. In violation of the consumer right to credit, they neglected transferring the Principal balance to the Principal account for the monthly Billing setoff. Thereby, neglecting to adjust Billing Errors[5] for the extension-of-credit for property/ services not- delivered to the consumer's/consumer's designee as agreed. Their negligence caused a payment default and foreclosure. (2)_ Debt collecting for unearned[4] interest with misleading forms demanding to pay the Credit Balance[6] in excess of $1. (3)_Negative inaccurate credit reporting. (4)_The Mortgage conversion for securitization using my identity and signature without contract.

Plaintiff's attempted to correct Defendant(s) unpaid payment default by:
Tier 1. Notice 3/4/2024, Notary Protest of Note - 30 days to resolve.
Tier 2. Notice 9/21/2024, Billing Error - 30 days to resolve.
Tier 3. Notice 10/10/2024 Email; 10/19/2024 US Mail to Indenture Trustee(s) - 5 days to resolve.

No debt owed, they are in breach of contract, in violation of: FFDCPA;FDCRA;**12 USC 1431a- Banks borrow money, pay interest**; Consumer right to credit (ECOA,15USC§1691*et seq* Denial of Credit[7]); Basic Consumer Rights Act; TILA 15 USC 1615 Rule 78a- Prepayment, 15 USC§1692j -Deceptive Forms; Bills of Exchange Act-part2(27a) Sums Due are paid with interest[4]; Inducement to fraud; FederalReserveAct(16)- Notes are Receivables; Federal Reserve Act(29)-Penalties; Trust Indenture Act 1939; Federal Deposit Insurance Act; Securities Exchange Act 1934; National Bank Act-12 USC 1 et seq.

Plaintiff seeks relief for Breach of Contract in violation to rights to credit damages by the following:
1. The Defendant(s) to transfer Principal balance to the Principal account for setoff liquidation.
2. The Defendant(s) to return Unearned[4] Interest[3] paid on the credit balance[6] in excess of $1.
3. The Defendant(s) return of all profits gains and liquidate the mortgage securitization account(s).
4. Declaratory and Compensatory for, invasion of privacy[8] ,mental anguish.[7] **Damages: $ $150,000, or what the court deems just and fair.**

By Plaintiff: _McLean, Ruth-T_ , Agent, Executor, Beneficial Title Holder (Not the Trustee)
For: RUTH T MCLEAN/Principal, without Prejudice. _10/28/2024_

_Ruth Esther Thompson Mclean_
Sworn to and subscribed
before me this
_28_ day Of _Oct_, 20_24_

VIKAS MEHTA
NOTARY PUBLIC OF NEW JERSEY
ID #2316152
MY COMMISSION EXPIRES 06/22/2029

## Authorities

12 USC 1431(a)- Banks Borrow money and pay interest.
Bills Of Exchange Part 2(27a) Sums Due, are paid with interest.

1. **Consumer Credit Transaction[1], 15 U.S. Code § 1679a (2)** - any transaction in which **credit is offered** or extended to an individual for personal, family, or household purposes.

2. **Extension of Credit[2]  12 CFR § 215.3** (a) An extension of credit is a making or renewal of any loan, a **granting of a line of credit**, or an extending of credit in any manner whatsoever.

3. **Borrower's interest[3]:** UCC 9 -203 (f) [Proceeds and supporting obligations.] The attachment of a security interest in collateral gives the secured party the rights to proceeds provided by Section 9-315 (Secured Party's Rights On Disposition Of Collateral And In Proceeds) and is also attachment of a security interest in a supporting obligation for the collateral; (g) [Lien securing right to payment.] The attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage/ lien.

4. **TILA 15 U.S. Code § 1615 - Prohibition on use of "Rule of 78's" in connection with mortgage refinancings and other consumer loans:** (a) Prompt refund of **unearned interest[4]** required (1) In general
   If a consumer **Prepays[4]** in full the financed amount under any Consumer Credit Transaction, the creditor shall promptly refund any **unearned** portion of the interest charge to the consumer. (2) Exception for refund of de minimus [1] amount. No refund shall be required under paragraph (1) with respect to the Prepayment[4] of any Consumer Credit Transaction if the total amount of the refund would be less than $1. **TILA 15 USC 1605 15 U.S. Code § 1605 - Determination of finance charge (Sum of all payments) 12 U.S. Code § 361 - Bills are receivable, Bills of Echange, Acceptances; reg by Board of Governors Federal Reserve Act Sec 16**- Application for Note are receivables, Bills of Exchange for principal, Interest. **Federal Reserve Act Section 29** Penalties

5. **Billing Error[5]:** Pursuant to  15 USC 1693o-1(d) Remittance Transfer Errors and 12 CFR § 1026.13(a)(e) - Billing error, an extension of credit for property or services **not- delivered** to the consumer or the consumer's designee as agreed under the following rules:  (4) A reflection on a periodic statement of the creditor's failure to credit properly a payment or other credit issued to the consumer's account. ( e) Procedures if billing error occurred as asserted. If a creditor determines that a billing error occurred as asserted, it shall within the time limits in paragraph (c)(2) of this section: (1) Correct the billing error and credit the consumer's account with any disputed amount and related finance or other charges, as applicable......

6. **Credit Balance[6] 15 U.S. Code § 1666d - Treatment of credit balances-** Whenever a **credit balance in excess of $1** is created in connection with a consumer credit transaction through (1) transmittal of funds to a creditor in **excess of the total balance due on an account**, (2) rebates of **Unearned[5]** finance charges or insurance premiums, or (3) amounts otherwise owed to or held for the benefit of an obligor, the creditor shall— (A) credit the amount of the credit balance to the consumer's account;(B) **refund** any part of the amount of the remaining credit balance, upon request of consumer....

7. **Equal Credit Opportunity Act[7]-** Denial of Credit: Fischl v. General Motors Acceptance Corp, holding that actual damages include mental anguish; *Anderson v. United Finance Co.,* 666 F.2d 1274 (9th Cir. 1982); *Owens v. Magee Finance Serv. of Bogalusa, Inc.,* 476 F. Supp. 758 (E.D.La. 1979).

8. **Invasion of privacy[8]:** A Plaintiff who has proven an invasion of privacy is entitled to recover damages for emotional distress, even if the injury suffered is mental anguish alone. Expert testimony is not required. Faber v. Condecor,195 N.J. Super. 81, 90-92 (App. Div. 1984); Carleen v. TJX Companies, 2009 WL 3081969 (App. Div. Sept. 17, 2009) at *2; Restatement (Second) of Torts § 652H(b) (1977).

# I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is proper in this district under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in this district, and the property in question is located in this district.

# II. PARTIES

3. Plaintiff Ruth T. McLean,agent is an individual residing % 143 Hampshire Drive, Plainsboro, NJ 08536.

4. Plaintiff, is the consumer executor registered noteholder here on behalf of RUTH T MCLEAN/principal designee security credit card account issued pursuant to 42 USC 405(c)(2)(C(i). I hereby accept All Right, All Tile, All Interest, All equity sums due and payable to the Principal in the 11/21/2016 $170,000 Note on its face.

5. Defendants PNC Bank, National Association known as PENNYMAC Loan Services, LLC is a national banking association with its principal place of business in Pittsburgh Pennsylvania.

6. Defendants Aimee D. Sumitra, Thomas W. Morris, are individuals employed by PNC Bank, N.A., with a business address at 3232 Newmark Dr., Miamisburg, OH 45342.

7. Defendant Joshua Hahn from U.S Bank N.A, is the Indenture Trustee employed by PNC Bank N.A. known as PENNYMAC Loan Services, LLC.

8. Defendants Caitlin M. Donnelly, Esq., J. Eric Kishbaugh, Esq., Richard P. Abel, Esq., Brian C. Nicholas, Esq., and Denise Carlon, Esq. are attorneys associated with KML Law Group, P.C., a Professional Corporation incorporated in Pennsylvania, with a business address at 701 Market Street, Suite 5000, Philadelphia, PA 19106.

9. Defendants John and Jane Does 1-5 are individuals whose identities are currently unknown but who are believed to have participated in the wrongful acts alleged herein.

## III. FACTUAL ALLEGATIONS

10. Plaintiff is the owner of real property located at 143 Hampshire Drive, Plainsboro, NJ 08536, which is subject to a mortgage.

11. From November 2016 until the end of 2022, Plaintiff complied with all terms and conditions of the mortgage agreement.

12. Beginning in January 2023, Defendants engaged in a pattern of harassment and confusion regarding Plaintiff's ownership of the property.

13. Defendants fraudulently attempted to collect mortgage debts from Plaintiff without proper validation or agreement.

14. Plaintiff requested validation of the debt, which Defendants failed to provide, yet continued their harassment through threatening communications.

15. Defendants Aimee D. Sumitra and Thomas W. Morris, acting on behalf of PNC Bank, generated false certifications to unlawfully collect debt.

16. Defendants from KML Law Group, P.C., filed baseless legal actions to intimidate and unlawfully collect debts.

17. Defendant the Indenture Trustee failed obligation to pay interest on the Note

18. Defendant(s)' actions have caused Plaintiff significant emotional distress, including anxiety and trauma. Whereby upon information and belief, Defendants' actions were motivated to deny equal credit opportunity consumer rights in discrimination against Plaintiff.

19. Defendants, PNC Bank, National Association, Aimee D. Sumitra, Thomas W. Morris, Joshua Hahn(Indenture Trustee), Caitlin M. Donnelly, Esq., J. Eric Kishbaugh, Esq., Richard P. Abel, Esq., Brian C. Nicholas, Esq., Denise Carlon, Esq., and John and Jane Does 1-5, are individuals and/or entities with principal places of business or residences in United States. Each Defendant acted individually and in concert with others to perpetrate the acts described herein.

2.

# IV. CAUSES OF ACTION

## Count One

## Violation of the Fair Debt Collection Practices Act (FDCPA)

20. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

21. The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., was enacted to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

22. Defendants, acting as debt collectors with respect to Plaintiff's mortgage debt, engaged in multiple violations of the FDCPA, including but not limited to the following:

23. a. Harassment or Abuse (15 U.S.C. § 1692d): Defendants engaged in conduct designed to harass, oppress, or abuse Plaintiff in the collection of her debt. This included making repeated and continuous phone calls with the intent to annoy, abuse, or harass, and using obscene or profane language during communications with Plaintiff.

24. b. False or Misleading Representations (15 U.S.C. § 1692e): Defendants made numerous false, deceptive, or misleading representations. Specifically, they falsely represented the character, amount, and legal status of the debt, threatened to take actions that could not legally be taken or that were not intended to be taken, and falsely implied that nonpayment of the debt would result in arrest or imprisonment.

25. c. Unfair Practices (15 U.S.C. § 1692f): Defendants employed unfair or unconscionable means to collect or attempt to collect the alleged debt. This included attempting to collect amounts not expressly authorized by the consumer credit agreement creating the debt or permitted by law, and charging unauthorized fees.

26. d. Failure to Provide Validation Notice (15 U.S.C. § 1692g): Defendants failed to provide Plaintiff with a timely and proper validation notice, which should include the amount of the debt, the name of the creditor, and a statement of Plaintiff's rights to dispute the debt within 30 days. This failure deprived Plaintiff of the opportunity to dispute the validity of the debt or request verification.

27. As a result of these violations, Plaintiff has suffered significant emotional distress, anxiety, and damage to her reputation and creditworthiness, as well as other actual damages.

## Count Two

## Violation of the Real Estate Settlement Procedures Act

28. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

29. The Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et seq., was designed to ensure that consumers are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices.

30. Defendants, as servicers of Plaintiff's mortgage loan, violated RESPA by:

31. a. Failure to Respond to Qualified Written Requests (12 U.S.C. § 2605(e)): Plaintiff submitted qualified written requests to Defendants seeking information and corrections regarding her mortgage account. Defendants failed to acknowledge receipt of these requests within five business days and failed to take appropriate action or provide a substantive response within 30 days, as required by RESPA.

32. b. Improper Servicing Practices: Defendants engaged in improper servicing practices by failing to provide accurate and timely information about the status of Plaintiff's mortgage loan, mishandling payments, misleading notice forms that cash repay payment is due, and failing to correct billing errors promptly. These practices caused confusion and financial harm to Plaintiff for a denial of credit for the consumer extension of credit for property or services not-delivered to the consumer or the consumer designee as agreed.

33. As a direct result of Defendants' RESPA violations, Plaintiff has experienced financial loss, emotional distress, mental anguish and an increased risk of foreclosure on her home.

## Count Three: Violation of the Truth in Lending Act (TILA)

34. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

35. The Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.,enacted to promote the informed use of consumer credit by requiring disclosures about its terms and cost. TILA is intended to protect consumers against inaccurate and unfair credit billing and credit card practices.

36. Defendants violated TILA in the consumer credit transaction by:

a.Failure to Provide Right of Rescission Notices (15 U.S.C. § 1635): Where applicable, Defendants failed to provide Plaintiff with the required notice of her right to rescind the mortgage transaction, depriving her of the opportunity to reconsider the terms of the loan and potentially cancel the transaction within the statutory period.

b. Failure to Provide rights to credit (15 U.S.C. § 1679a(2): Defendants failed to provide Plaintiff with the consumer extension of credit to an individual for personal, family or household purposes.

c. Failure Compliance with the Equal Credit Opportunity Act ( 15 USC 1691 et. seq.) Where applicable, Defendant's denial of credit adverse actions prevented Plaintiff from rights to credit leading to debt collections misleading demands for to pay out-of-pocket cash repayments.

d. Failure to use remittance (15 U.S.C. § 1693o-1(d): Where applicable, Defendants failed to correctly transfer remittance errors.

e. Failure to use the prepayment in the Note to transfer Principal balance to Principal account for setoff (15 U.S.C. § 1166d): Treatment of credit balance Defendants failed to refund unearned interest paid on the credit balance paid in excess of $1.

f. Failure to correct billing errors (15 U.S.C. § 1615 - Prohibition on use of 78): Defendants failed to refund unearned interest when a consumer prepays in full the finance amount under the consumer credit transaction in excess of $1.

37. As a result of these TILA violations, Plaintiff was denied use of credit and unable to make informed decisions regarding her mortgage loan, leading to financial harm and distress.

## Count Four: Civil Conspiracy

38. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

39. Under New Jersey law, a claim for civil conspiracy requires: (1) a combination of two or more persons; (2) an agreement or understanding between them to commit an unlawful act or a lawful act by unlawful means; (3) the commission of an overt act in furtherance of the conspiracy; and (4) damages to the plaintiff as a result of the acts performed pursuant to the conspiracy.

40. Combination of Persons: Defendants PNC Bank, National Association, Aimee D. Sumitra, Thomas W. Morris, Joshua Hahn (Indenture Trustee), Caitlin M. Donnelly, Esq., J. Eric Kishbaugh, Esq., Richard P. Abel, Esq., Brian C. Nicholas, Esq., Denise Carlon, Esq., and John and Jane Does 1-5, acted in concert with each other and with other unknown co-conspirators to engage in a conspiracy against Plaintiff.

41. Agreement to Commit Unlawful Acts: Defendants agreed and conspired to fraud, breach of contract, and/or unjustly enrich themselves. This agreement was made with the intent to harm Plaintiff and benefit the Defendants by unlawfully denying basic consumer rights and the right to credit deprive her of economic opportunities and enjoyment of her residence.

5.

42. Contributory Negligence, inducement to fraud. Overt Acts in Furtherance of the Conspiracy: In furtherance of this conspiracy, Defendants committed overt acts, including but not limited to:

a. Breach of Contract by denial of credit adverse actions in Dishonor of the Note, via debt collections false claims with deceptive notice forms demanding to repay the prepaid Note with cash income in violation of the consumer right to credit. They neglected to transfer the principal balance to the principal account for the monthly billing setoff. Thereby, debt collections for unearned interest, neglecting to adjust billing errors and denying credit the extension of credit for property or for services not-delivered to the consumer or the consumer designee as agreed. Negative credit reporting including mortgage indenture conversion for securitizing.

b. Billing errors that started by 1/2017 with a reflection on the periodic statement of the Defendants failure to credit properly the payment or credit issued to the consumer account, is evidence of the conspiracy to repay with cash income on prepaid account.

43. Damages: As a direct and proximate result of Defendants' conspiracy, Plaintiff suffered damages, including debt collections harassment and negative filings; out of pocket cash income payments  financial losses, invasion of privacy damages to reputation and emotional distress and mental anguish. These damages were foreseeable and intended outcomes of Defendants' conspiratorial actions.

44. Defendants' conduct was willful, malicious, and in reckless disregard of Plaintiff's rights, warranting the imposition of compensatory  or punitive damages.

## Count Five: Violation of the New Jersey Consumer Fraud Act (CFA)

45. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

46. The New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 et seq., is designed to protect consumers against deceptive, fraudulent, and unconscionable commercial practices in the marketplace.

47. Defendants violated the CFA by engaging in the following unlawful practices:

a. Unconscionable Commercial Practices: Defendants employed practices that were unethical, oppressive, and unscrupulous in connection with the sale of a consumer credit transaction for a Money Purchase Mortgage. Specifically, Defendants denial of credit adverse actions  misleading notices forms demanding to repay cash income for the consumer the extension  of credit  11/21/2016 consumer credit transaction.

6.

b. Deception and Fraud: Defendants made false forms and misrepresentations regarding the consumer extension of credit prepayment by sending notices demanding repayment of the prepaid credit balance.

c. False Pretense: Defendants used false pretense and deceptive practices to create a misleading impression about a debt owed and demand cash payments, thereby inducing Plaintiff to act to her detriment.

48. As a result of Defendants' violations of the CFA, Plaintiff suffered an ascertainable loss, including  financial losses or damages to pay out-of-pocket cash income to the credit balance including foreclosure for the payment default, directly caused by Defendants' unlawful conduct.

49. Pursuant to the CFA, Plaintiff is entitled to treble damages, attorneys' fees, and costs of suit.

## Count Six: Violation of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act (TCCWNA)

50. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

51. The New Jersey Truth-in-Consumer Contract, Warranty and Notice Act (TCCWNA), N.J.S.A. 56:12-14 et seq., prohibits sellers from offering or entering into consumer contracts that violate clearly established legal rights of consumers.

52. Defendants violated the TCCWNA by:

a. Inclusion of Prohibited Provisions: Including terms in their consumer contract that violate the rights of the Plaintiff under the CFA and other applicable laws. Specifically, the contract application (Credit Agreement) contained the agreement for compliance with the Equal Credit Opportunity Act.

b. Failure to Provide Required Notices: Failing to provide clear and accurate notices regarding Plaintiff's rights under the contract and applicable consumer protection laws.

53. These violations of TCCWNA have resulted in harm to Plaintiff, including confusion regarding her rights and potential exposure to unlawful contract terms.

54. Count Three: Breach of Warranty under the Uniform Commercial Code (UCC) 53.

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

7.

55. Under the Uniform Commercial Code, as adopted in New Jersey, N.J.S.A. 12A:2-101 et seq., sellers are bound by express and implied warranties regarding the quality and performance of goods sold.

56. Defendants breached the following warranties:

a. Express Warranty: Defendants made specific affirmations of fact and promises regarding the consumer rights to credit.

b. Implied Warranty of Merchantability: Defendants breached the implied warranty that the [product] was fit for the ordinary purposes for which such goods are used, as the product application for consumer extension of credit adverse actions fail to comply with the Equal Credit opportunity Act.].

c. Implied Warranty of Fitness for a Particular Purpose: Defendants knew or had reason to know that Plaintiff relied on their skill and judgment to select suitable goods for a particular purpose, yet the product was unfit for that purpose.

57. As a result of these breaches, Plaintiff suffered damages, including financial losses for out-of pocket cash payments and legal fees.

## Count Seven: Negligence

58. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

59. Under New Jersey law, a claim for negligence requires the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; (3) causation linking the breach to the plaintiff's injuries; and (4) damages resulting from the breach.

60. Duty of Care: Defendants owed a duty of care to Plaintiff to extend credit in the 11/21/2016 consumer credit transaction application (credit agreement). This duty arises from the obligation to pay principal and interest in the Note on its face including the statutory requirements under 12 USC 1431(a) Banks borrow money and pay interest and 12 USC 1431(k)(2) liability.

61. Breach of Duty: Defendants breached their duty of care by failing to exercise reasonable care in neglect of correcting their billing errors to transfer the consumer extension of credit principal balance to the principal account for monthly setoff starting from 1/2017 to YTD.

8.

62. Causation: As a direct and proximate result of Defendants' breach of duty, Plaintiff suffered mental anguish including financial harm  The breach was a substantial factor in causing Plaintiff's injuries because false claims to pay out-of-pocket cash income for a debt due when no debt owed.

63. Damages: Plaintiff suffered damages as a result of Defendants' negligence, including but not limited to mental anguish. These damages are directly attributable to the Defendants' negligent conduct.

64. Defendants' actions were not only negligent but also demonstrated a reckless disregard for the safety and well-being of others, warranting the imposition of punitive damages.

## Count Eight

## Negligent Infliction of Mental Anguish Emotional Distress

64. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

65. Defendants' negligent conduct also caused Plaintiff severe emotional distress. Under New Jersey law, a claim for negligent infliction of emotional distress requires:

a. Negligence by the Defendant: As previously detailed, Defendants' conduct was negligent.

b. Serious Emotional Distress: Plaintiff suffered serious emotional distress as a result of Defendants' actions, including effects of mental anguish and anxiety.

c. Physical Impact or Threat of Physical Harm: Plaintiff experienced a physical impact or was in the zone of danger of physical harm due to Defendants' negligence, as evidenced by foreclosure court orders to be evicted from the property.

66. As a result of Defendants' negligent infliction of emotional distress, Plaintiff incurred damages, including mental anguish.

## Count Nine:Intentional Infliction of Emotional Distress (IIED)

67. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

67. Under New Jersey law, a claim for intentional infliction of emotional distress requires the following elements: (1) extreme and outrageous conduct by the defendant; (2) intent to cause, or reckless disregard of the probability of causing, emotional distress; (3) a causal connection between the conduct and the emotional distress; and (4) severe emotional distress.

68. Extreme and Outrageous Conduct: Defendants engaged in conduct that was extreme and outrageous, exceeding all bounds of decency tolerated in a civilized society, by debt collection harassment, foreclosure eviction. This conduct was directed at Plaintiff and intended to cause harm.

69. Intent or Recklessness: Defendants acted with the intent to cause emotional distress or with reckless disregard of the probability of causing such distress. Specifically, Defendants via debt collections false claims that a debt with demands for cash proceeded to foreclosure and a court order for a sheriff sale of the property.

70. Causal Connection: There is a direct causal connection between Defendants' conduct and Plaintiff's emotional distress, as Plaintiff experienced severe emotional mental anguish, trauma immediately following and as a result of Defendants' actions.

71. Severe Emotional Distress: Plaintiff suffered severe emotional distress, characterized by depression, insomnia, physical mental anguish. This distress required medical or psychological treatment, including prescriptions.

## Count Ten

## Negligent Infliction of Emotional Distress (NIED)

73. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

72. Alternatively, Defendants' conduct constituted negligent infliction of emotional distress, which under New Jersey law requires:

a. Duty of Care: Defendants owed a duty of care to Plaintiff to avoid causing emotional harm through negligent actions.

b. Breach of Duty: Defendants breached this duty through negligent acts or omissions, including denial of credit non-compliance of the Equal Credit Opportunity Act for the consumer extension of credit not transferred from the Principal balance to Principal account for setoff causing the outstanding default payment and foreclosure.

c. Causation: Defendants' breach of duty directly caused Plaintiff to suffer emotional distress, as evidenced by mental anguish.

d. Severe Emotional Distress: Plaintiff experienced severe emotional distress as a result of Defendants' negligence, mental anguish, depression, insomnia.

73. Plaintiff was in the zone of danger of physical harm or experienced a physical impact due to Defendants' negligence, further supporting the claim for NIED.

# V. DEMAND FOR ARBITRATION

74. Plaintiff demands arbitration on all issues.

# VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, awarding:

1. Declaratory decision upon review of the Note as to whose obligation to pay interest.

2. Compensatory/Statutory damages under the FDCPA, RESPA, and TILA up to $150,000

3. Other the return of Plaintiff's Property by way off:

   a._Order the transfer of the Principal balance to the principal account for setoff and liquidation of all accounts.

   b._The return of Plaintiff's cash payment property for unearned interest paid on the credit balance in excess of $1.

   c._The return of all profits/gains and the liquidation of the Mortgage Indenture account converted for securitization in breach of contract.

4. Costs and reasonable attorneys' fees as permitted by law;

5. Any other relief the Court deems just and equitable.

Dated: October 28, 2024

_____

By: Mclean, Ruth-T/agent for RUTH MCLEAN/principal, Pro Se
P.O. Box 137
Plainsboro, NJ 08536

11.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

RUTH T MCLEAN

|  |  |
|---|---|
| *Plaintiff* | ) |
|  | ) |
|  | ) |
| JOSHUA HAHN and U.S. BANK N.A., INDENTURE TRUSTEE | ) Civil Action No. 23-22842(RK(JBD) |
|  | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  JOSHUA HAHN and U.S. BANK N.A., INDENTURE TRUSTEE
c/o PENNYMAC LOAN SERVICES LLC
60 Livingston Avenve
St. Paul, MN 55107-1419

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  --
--
c/o RUTH T MCLEAN
Attorney-in-fact
P.O Box 137
Plainsboro, New Jersey 08536

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____

*Signature of Clerk or Deputy Clerk*

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | |
|---|---|
| RUTH T MCLEAN | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. 23-22842(RK)(JBD) |
| JOSHUA HAHN and U.S.BANK N.A.,INDENT TTEE | ) |
| *Defendant* | ) |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: JOSHUA HAHN and U.S. BANK N.A., PENNEYMAC CORP INDENTURE TRUSTEE

    *(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within  30  days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:    10/28/2024

                                       *Signature of the attorney or unrepresented party*

                                          *Printed name*

                                          *Address*

                                          *E-mail address*

                                          *Telephone number*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No. 23-22842(RK)(JBD)

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*    JOSHUA HAHN and U.S.BANK N.A., INDENTURE TTEE

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)*    10/28/2024    ; or

☐ I returned the summons unexecuted because _____ ; or

☑ Other *(specify)*:    Plaintiff, mailed the Defendant a Request to waive service of summons.



My fees are $    2.00    for travel and $    2.00    for services, for a total of $    4.00    .

I declare under penalty of perjury that this information is true.

Date:    10/28/2024

By: *M Lean, Ruth-T/agent, Attorney-in-fact,*
*Server's signature*

By:McLean, Ruth-T/Agent for RUTH MCLEAN/Principal
*Printed name and title*

P.O. BOX 137
PLAINSBORO, NEW JERSEY 08536

*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

RUTH T MCLEAN

|  |  |
|---|---|
| *Plaintiff* | ) |
|  | ) |
|  | ) |
| v. | ) |
| Caitlin M. Donnelly, J. Eric Kishbaugh,Richard P. Abel,Brian Nicholas, Denise Carlon Known As KLM Law Group P.C, et. al. | ) |
| *Defendant* | ) |

Civil Action No. 23-22842(RK)(JBD)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Caitlin M. Donnelly, J. Eric Kishbaugh,Richard P. Abel,Brian Nicholas, Denise Carlon Known As KLM Law Group P.C, et. al.
701 Market Street, Suite 5000, Philadelphia, PA 19106

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  ---
---
RUTH T MCLEAN
c/o P.O. Box 137
Plainsboro, New Jersey 08536

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:          10/28/2024

_____
*Signature of Clerk or Deputy Clerk*

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | | |
|---|---|---|
| RUTH T MCLEAN | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  23-22842(RK)(JBD) |
| CAITLIN M. DONNELLY dba KLM LAW GROUP P.C. | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  CAITLIN M. DONNELLY dba KLM LAW GROUP P.C.

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must return the signed waiver within   30   days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent.   Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court.  The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you.  And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No. 23-22842(RK)(JBD)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Caitlin M. Donnelly, Esq.

was received by me on *(date)*                          .

☐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☑ Other *(specify)*:   Plaintiff mailed the Defendant a request to waive service of summons.


My fees are $    5.00    for travel and $    2.00    for services, for a total of $    7.00    .

I declare under penalty of perjury that this information is true.

Date:    10/28/2024

*By: McLean, Ruth-T/agent, Attorney-in-fact*
Server's signature

By: McLean, Ruth-T/agent for: RUTH T MCLEAN/Principal
Printed name and title

P.O. Box 137
Plainsboro, New Jersey 08536

Server's address

Additional information regarding attempted service, etc:

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | |
|---|---|
| RUTH T MCLEAN | ) |
| *Plaintiff* | ) |
| v. | ) |
| J. ERIC KISHBAUGH dba KLM LAW GROUP P.C. | ) |
| *Defendant* | ) |

Civil Action No.  23-22842(RK)(JBD)

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  J. ERIC KISHBAUGH dba KLM LAW GROUP P.C.

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must return the signed waiver within   30   days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent.   Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court.  The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you.  And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No. 23-22842(RK)(JBD)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   J. Eric Kishbaugh, Esq.

was received by me on *(date)*                                    .

☐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☑ Other *(specify):*  Plaintiff mailed the Defendant a request to waive service of summons.


My fees are $        5.00        for travel and $        2.00        for services, for a total of $        7.00        .

I declare under penalty of perjury that this information is true.

Date:        10/28/2024

*Guy: McLean, Ruth-T/agent, Attorney in-fact.*
*Server's signature*

By: McLean, Ruth-T/agent for: RUTH T MCLEAN/Principal
*Printed name and title*

P.O. Box 137
Plainsboro, New Jersey 08536

*Server's address*

Additional information regarding attempted service, etc:

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
### for the
### District of New Jersey

| | | |
|---|---|---|
| RUTH T MCLEAN | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  23-22842(RK)(JBD) |
| RICHARD P. ABEL dba KLM LAW GROUP P.C. | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  RICHARD P. ABEL  dba KLM LAW GROUP P.C.
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must return the signed waiver within   30   days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent.   Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court.  The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you.  And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No. 23-22842(RK)(JBD)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*    Richard P. Abel, Esq.

was received by me on *(date)*                                        .

☐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____, a person of suitable age and discretion who resides there,

on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☑ Other *(specify)*:    Plaintiff mailed the Defendant a request to waive service of summons.


My fees are $    5.00    for travel and $    2.00    for services, for a total of $    7.00    .

I declare under penalty of perjury that this information is true.

Date:    10/28/2024

*Byᵉ McLean, Ruth-T/Agent, Attorney-in-fact,*
*Server's signature*

By: McLean, Ruth-T/agent for: RUTH T MCLEAN/Principal
*Printed name and title*

P.O. Box 137
Plainsboro, New Jersey 08536

*Server's address*

Additional information regarding attempted service, etc:

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | | |
|---|---|---|
| RUTH T MCLEAN | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 23-22842(RK)(JBD) |
| BRIAN NICHOLAS dba KLM LAW GROUP P.C. | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  BRIAN NICHOLAS  dba KLM LAW GROUP P.C.

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within   30   days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent.   Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court.  The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you.  And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No. 23-22842(RK)(JBD)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Brian C. Nicholas, Esq.

was received by me on *(date)*                              .

☐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☑ Other *(specify):*   Plaintiff mailed the Defendant a request to waive service of summons.


My fees are $ ____5.00____ for travel and $ ____2.00____ for services, for a total of $ ____7.00____ .

I declare under penalty of perjury that this information is true.


Date:    10/28/2024

*By: McLean, Ruth-T/agent, Attorney-in-fact,*
*Server's signature*

By: McLean, Ruth-T/agent for: RUTH T MCLEAN/Principal
*Printed name and title*

P.O. Box 137
Plainsboro, New Jersey 08536

*Server's address*

Additional information regarding attempted service, etc:

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | | |
|---|---|---|
| RUTH T MCLEAN | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 23-22842(RK)(JBD) |
| DENISE CARLON  dba KLM LAW GROUP P.C. | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  DENISE CARLON dba KLM LAW GROUP P.C.

    *(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

    A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

    This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within   30   days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

    If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

    Please read the enclosed statement about the duty to avoid unnecessary expenses.

    I certify that this request is being sent to you on the date below.

Date: _____

 

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No. 23-22842(RK)(JBD)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Denise Carlon, Esq.

was received by me on *(date)* _____.

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

☑ Other *(specify):*   Plaintiff mailed the Defendant a request to waive service of summons.

My fees are $    5.00    for travel and $    2.00    for services, for a total of $    7.00    .

I declare under penalty of perjury that this information is true.

Date:    10/28/2024

By: McLean, Ruth-T/agent, Attorney-in-fact.
*Server's signature*

By: McLean, Ruth-T/agent for: RUTH T MCLEAN/Principal
*Printed name and title*

P.O. Box 137
Plainsboro, New Jersey 08536

*Server's address*

Additional information regarding attempted service, etc: